James E. Hough (JH-1066)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000

Craig I. Celniker (CC-2352)
Shogo Asaji (SA-8547)
MORRISON & FOERSTER LLP
Shin-Maru Building 29th Fl.
1-5-1 Marunouchi, Chiyoda-ku
Tokyo, Japan 100-6529
(011-81-3) 3214-6522

Attorneys for Defendant
IHI Corporation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AVIATION CAPITAL GROUP CORP.** | Civ. No. 1:09-1077 (NRB) |
| *Plaintiff*, | |
| | **IHI CORPORATION'S OPPOSITION TO AVIATION CAPITAL GROUP CORP.'S MOTION TO DISMISS IHI'S SECOND, THIRD AND FOURTH COUNTERCLAIMS** |
| vs. | |
| **IHI CORPORATION,** | |
| *Defendant*. | |

# TABLE OF CONTENTS

                                                                                         **Page**

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT ................................................................................................. 1

       A.     ACG's Arguments Fail to Apply the Proper Standard to Its 12(b)(6)
              Motion ............................................................................................... 1

              1.     It is Improper to Argue Facts Outside the Allegations in the
                     Counterclaims ........................................................................ 1

              2.     IHI Does Not Have to Prove Its Case in Its Pleadings ............. 1

              3.     IHI Does Not Have to Allege Detailed Facts or Claim Elements to
                     Meet the Rule 8 Notice Pleading Standard ............................... 2

              4.     IHI Is Entitled to Continue With Its Each of Its Counterclaims
                     Unless They Are Doomed to Fail Under Any Legal Theory ............ 3

       B.     IHI Has Successfully Pled Its Second Counterclaim for Breach of Contract ........ 4

              1.     IHI Has Sufficiently Pled Every Element of its Second
                     Counterclaim for Breach of Contract ....................................... 4

              2.     IHI's Pleading of Its Own Performance Under the Settlement
                     Agreement Is Sufficient To Plead a Breach of Contract Claim ........ 5

              3.     ACG's Theory that IHI Must First Offer to Lease an Engine to
                     ACG Is Both Incorrect and Improper ....................................... 6

                     a.     ACG's Discussion of The Timing of Contractual
                            Performance and Subsequent Performance Obligations is
                            Improper in a Motion to Dismiss ..................................... 6

                     b.     ACG's Theory Regarding Contractual Performance is
                            Incorrect as IHI Fully Performed Under the Settlement
                            Agreement Well Before ACG Inducted Any Engines to IHI
                            for Repair ................................................................... 7

       C.     IHI Has Successfully Pled Its Third Counterclaim for Breach of the
              Implied Covenant of Good Faith and Fair Dealing ............................... 9

              1.     IHI Has Sufficiently Pled Every Element of Its Third Counterclaim
                     for Breach of the Implied Covenant of Good Faith and Fair
                     Dealing ................................................................................. 9

              2.     IHI's Counterclaim for Breach of the Covenant of Good Faith and
                     Fair Dealing Is Distinct From Its Breach of Contract Counterclaim ....... 10

              3.     The Federal Rules Allow Even Duplicative Breach of Implied
                     Covenant of Good Faith and Fair Dealing Claims to be Pled in the
                     Alternative to Breach of Contract Claims ................................. 12

       D.     IHI Has Successfully Pled Its Fourth Counterclaim for Unjust Enrichment ....... 13

## TABLE OF CONTENTS

**Page**

1.   IHI Has Sufficiently Pled Every Element of Its Fourth
     Counterclaim for Unjust Enrichment........................................................ 13

2.   New York Law Permits IHI to Plead Its Fourth Counterclaim for
     Unjust Enrichment in the Alternative ...................................................... 16

III.  CONCLUSION.................................................................................................. 17

ny-885748

# TABLE OF AUTHORITIES

**Page(s)**

Cᴀsᴇs

*Amron v. Morgan Stanley Inv. Advisors, Inc.*,
   464 F.3d 338 (2d Cir. 2006)...............................................................................3

*Bank of China v. Chan*,
   937 F.2d 780 (2d Cir. 1991)...........................................................................9, 11

*Bazak Int'l Corp. v. Tarrant Apparel Group*,
   347 F. Supp. 2d. 1 (S.D.N.Y. 2004)..................................................................16

*Bridgeway Corp. v. Citibank, N.A.*,
   132 F. Supp. 2d 297 (S.D.N.Y. 2001)............................................................4, 10

*Butvin v. Doubleclick, Inc.*,
   No. 99 Civ. 4727 JFK, 2001 WL 228121 (S.D.N.Y. Mar. 7, 2001).......................11

*Capitol Records, Inc. v. City Hall Records, Inc.*,
   No. 07 Civ. 6488 (LTS) 2008 U.S. Dist. LEXIS 55300 (S.D.N.Y. July 18, 2008).........1, 2, 15

*Coddington v. Adelphi Univ.*,
   45 F. Supp. 2d 211 (E.D.N.Y. 1999) ...................................................................1

*DiFolco v. MSNBC Cable L.L.C.*,
   No. 06 Civ. 4728 (LAP) 2007 WL 959085 (S.D.N.Y. Mar. 30, 2007) ...................13

*E*Trade Financial Corp. v. Deutche Bank AG*,
   No. 05 Civ. 0902 2008 WL 2428225 (S.D.N.Y. June 13, 2008)............................12

*Flash Elecs. Inc. v. Universal Music & Video Distrib. Corp.*,
   312 F. Supp. 2d 379 (E.D.N.Y. 2004) ..................................................2, 7, 15, 17

*Geisler v. Petrocelli*,
   616 F.2d 636 (2d Cir. 1980)..........................................................................2, 15

*General Elec. Co. v. Compagnie Euralair, S.A.*,
   945 F. Supp. 527 (S.D.N.Y. 1996).......................................................................9

*Grand Heritage Management, LLC v. Murphy*,
   No. 06 Civ. 5977 (NRB) 2007 WL 3355380 (S.D.N.Y. Nov. 7, 2007) ..................12

*Harris v. Provident Life and Accident Ins. Co.*,
   310 F.3d 73 (2d Cir. 2002)................................................................................12

iii

*Harsco Corp. v. Segui*,
    91 F.3d 337 (2d Cir. 1996)..................................................................4

*ICD Holdings S.A. v. Frankel*,
    976 F. Supp. 234 (S.D.N.Y 1997)..........................................................6

*In re Initial Pub. Offering Sec. Litig.*,
    241 F. Supp 2d 281 (S.D.N.Y. 2003)...............................................3, 10

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*,
    223 F. Supp. 2d 474 (S.D.N.Y. 2002)....................................................8

*Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*,
    594 N.Y.S.2d 144 (App. Div. 1st Dep't 1993) ....................................17

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
    507 U.S. 163 (1993).............................................................................2

*MacPhee v. Verizon Communications, Inc.*,
    No. 06 Civ. 7870 (BSJ) 2008 WL 162899 (S.D.N.Y. Jan. 15, 2008)....................16

*Manley v. AmBase Corp.*,
    337 F.3d 237 (2d Cir. 2003)..................................................................8

*Mazzaro de Abreu v. Bank of Am. Corp.*,
    525 F. Supp. 2d 381 (S.D.N.Y. 2007)....................................................13

*Phillips v. Girdich*,
    408 F.3d 124 (2d Cir. 2005)..................................................................4

*RBS Holdings, Inc. v. Gordon & Ferguson, Inc.*,
    No. 06 Civ. 6404 (HB) 2008 WL 782616 (S.D.N.Y. Mar. 26, 2008) ....................13

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
    893 F. Supp. 285 (S.D.N.Y. 1995)...............................................5, 6, 8, 15

*Rosenthal Paper Co. v. National Folding Box & Paper Co.*,
    226 N.Y. 313 (1919) ............................................................................6

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974)..............................................................................4

*Smith v. Pali Capital, Inc.*,
    06 Civ. 3362 (SAS) 2006 U.S. Dist. LEXIS 81616 (S.D.N.Y. Nov. 7, 2006) ....................2-3

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)..............................................................................3

iv

*United States v. Hyde*,
   520 U.S. 670 (1997) ..................................................................................................8

*Western Assurance Co. v. J.H. Mohlman Co.*,
   83 F. 811 (2d Cir. 1897) ..........................................................................................8

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*,
   341 F. Supp.2d 258 (S.D.N.Y. 2004) ...................................................................13

## OTHER AUTHORITIES

8-39 Corbin on Contracts § 39.1 .........................................................................................7

Fed. R. Civ. P. 8(a) ..................................................................................................3, 10

Federal Rule of Civil Procedure 8 ............................................................................ passim

Federal Rule of Civil Procedure 8(e)(2) ...................................................................16

Federal Rule of Civil Procedure 12(b)(6) .........................................................2, 6, 15

ny-885748

## I.    INTRODUCTION

IHI has successfully pled every element of its counterclaims against ACG for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment.  IHI's allegations more than satisfy the liberal pleading requirements of Federal Rule of Civil Procedure 8.  Unable to attack IHI's proper pleading under the Federal Rules, ACG improperly attempts to contradict IHI's allegations (which must be accepted as true) and imposes upon IHI pleading of further claim elements not required under New York law.  ACG also improperly insists that IHI prove its counterclaims to a summary judgment standard at the pleading stage, even though no discovery has occurred.  Each of ACG's arguments is incorrect as a matter of law at best, and misleading at worst.  IHI respectfully requests that this Court deny ACG's motion in its entirety.

## II.    ARGUMENT

### A.    ACG's Arguments Fail to Apply the Proper Standard to Its 12(b)(6) Motion

#### 1.    It is Improper to Argue Facts Outside the Allegations in the Counterclaims

In an apparent attempt to add content to its motion, ACG has impermissibly filled its motion with pages of contentions.  "When considering a motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto."  *See Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 214 (E.D.N.Y. 1999).  ACG's superfluous and improper factual contentions must therefore be ignored.

#### 2.    IHI Does Not Have to Prove Its Case in Its Pleadings

ACG improperly argues throughout its motion that IHI's counterclaims should be dismissed because of IHI's failure to prove its case in its pleadings.[1]  *See, e.g.*, ACG's Motion to

---

[1] ACG takes issue with the fact that IHI pled certain facts "upon information and belief."  *See, e.g.*, Motion at 4. As this Court is certainly aware, "[p]leading upon information and belief, without alleging additional facts to show the source of the information, is permissible under Rule 8."  *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, at *21 (S.D.N.Y. July 18, 2008).

Dismiss IHI's Second, Third and Fourth Counterclaims (hereinafter "Motion") at 8. ("A plaintiff must aver **and prove** performance . . .") (emphasis added); Motion at 15 ("to state a valid claim, the plaintiff must also be able **to show** that performance was rendered for the defendant, resulting in its unjust enrichment.") (emphasis added). "However, all [] of these arguments concern the merits of [IHI]'s claim and are therefore not properly addressed on a motion to dismiss." *Flash Elecs. Inc. v. Universal Music & Video Distrib. Corp.*, 312 F. Supp. 2d 379, 406-407 (E.D.N.Y. 2004).[2]  This Court has made clear that "[a]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07 Civ. 6488 (LTS) (KNF), 2008 U.S. Dist. LEXIS 55300, at *21-22 (S.D.N.Y. July 18, 2008) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The function of a Rule 12(b)(6) motion to dismiss, contrary to each of ACG's arguments, "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).

### 3.    IHI Does Not Have to Allege Detailed Facts or Claim Elements to Meet the Rule 8 Notice Pleading Standard

Throughout its motion, ACG invents detailed facts that it argues IHI must allege in order to state a claim.  *See, e.g.*, Motion at 15 "(IHI does not and cannot allege that ACG agreed to satisfy LTE Airways' obligations to IHI.").  However, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).  "Thus, a complaint may not 'be dismissed on the ground that it is conclusory or fails to allege facts.'" *Smith v. Pali Capital, Inc.*, 06 Civ. 3362 (SAS) 2006 U.S. Dist. LEXIS 81616, at *13

---

[2] The majority of the "pleading standards" that ACG cites in its brief actually come from cases ruling on motions for summary judgment or even on post-trial motions.  *See, e.g.*, Motion at 7, citing *Madison Invs. v. Cohoes Assocs.*, 176 A.D.2d 1021, 574 N.Y.S.2d 980, 981 (3d Dep't 1991); Motion at 8, citing *Rosenthal Paper Co. v. National Folding Box & Paper Co.*, 226 N.Y. 313, 322, 123 N.E. 766, 769 (1919).  These standards, which detail what a plaintiff must prove following extensive discovery rather than what a plaintiff must plead at the outset of a case, are inapplicable to the motion at hand.

(S.D.N.Y. Nov. 7, 2006) quoting *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp 2d 281, 323 (S.D.N.Y. 2003).

Rather, "[u]nder the notice-pleading standard of the Federal Rules of Civil Procedure, a plaintiff need not allege detailed facts in support of its claims, but only a 'short and plain statement,' Fed. R. Civ. P. 8(a), that gives 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Beautiful Jewellers Private, Ltd. v. Tiffany & Co.*, 06 Civ. 3085 (KMW), 2007 U.S. Dist. LEXIS 20263 (S.D.N.Y. Mar. 21, 2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "**Rule 8(a) does not require plaintiffs to plead the legal theory, facts or elements underlying their claim**. . . . To comply with Rule 8, plaintiffs need not provide anything more than sufficient notice to permit defendant to file an answer." In *re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 323-324 (S.D.N.Y. 2003) (emphasis added). As shown below, IHI's factual allegations in support of each of its counterclaims provide ACG sufficient notice to file an answer. Therefore, under Rule 8, ACG's motion should be denied.

### 4. IHI Is Entitled to Continue With Its Each of Its Counterclaims Unless They Are Doomed to Fail Under Any Legal Theory

The "liberal notice pleading of Rule 8(a)" is designed "to focus litigation on the merits of a claim," and "[t]he fundamental command of the Federal Rules of Civil Procedure is never to exalt form over substance." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343 (2d Cir. 2006) (internal quotation omitted). "No particular words need appear, so long as the Complaint contains allegations that directly or inferentially support [the] material elements of the claim." *Beautiful Jewellers*, 2007 U.S. Dist. LEXIS 20263 at *19 citing *Cohen v. Litt*, 906 F. Supp. 957, 962 (S.D.N.Y. 1995). Additionally, "[d]ismissal is improper on technical pleading irregularities, which are excusable as long as they neither undermine the purpose of notice pleading nor prejudice the adverse party." *Amron*, 464 F.3d at 343 (internal quotation omitted).

Federal Rule of Civil Procedure 8 thus "establishes a pleading standard without regard to whether a claim will succeed on the merits." *Swierkiewicz*, 534 U.S. at 515. "Indeed it may

appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Rather, "[a]ll complaints must be read liberally; dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). In deciding ACG's 12(b)(6) motion, the court must also "accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff." *Bridgeway Corp. v. Citibank, N.A.*, 132 F. Supp. 2d 297, 302 (S.D.N.Y. 2001). Reading IHI's counterclaims in the liberal manner prescribed by Rule 8, IHI has sufficiently pled each of its counterclaims (as shown in more detail below), and therefore ACG's motion must be denied.

**B.    IHI Has Successfully Pled Its Second Counterclaim for Breach of Contract**

**1.    IHI Has Sufficiently Pled Every Element of its Second Counterclaim for Breach of Contract**

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). IHI has sufficiently pled each of these elements:

- **Existence of an agreement**. *See*, *e.g.*, Answer[3] at ¶ 38 ("IHI and ACG entered into the Settlement Agreement (annexed to the Complaint as Exhibit A).").

- **Adequate performance of the contract by IHI**. *See*, *e.g.*, Answer at ¶ 51 ("On information and belief, leased engines were available for lease by IHI at all relevant times, including at the time of induction of ACG's engines into IHI's facilities, and IHI was ready and willing to obtain such leased engines and to sublease such engines to ACG."); ¶ 47 ("IHI repaired and overhauled the V10155 engine and the V10080 engine, and on or around April 11, 2008, IHI had them shipped to LTE in Cairo."); ¶ 57 ("On or around July 18, 2008, IHI completed the repair and overhaul of the V10154 engine.").

---

[3] Throughout this brief, "Answer" is used to refer to IHI's Answer and Amended Counterclaims filed on May 29, 2009.

- **Breach of contract by ACG**. *See*, *e.g.*, Answer at ¶ 70 ("ACG breached Clause 3 of the Settlement Agreement by failing to lease engines from IHI in connection with the induction of the V10155 and V10154 engines as required by the agreement, even though leased engines were available to IHI and IHI was ready and willing to lease engines to ACG.").

- **Damages**. *See*, *e.g.*, Answer at ¶ 72 ("ACG's breach has resulted in damages of at least US$ 992,285 to IHI, as reflected in the sublease rentals for the replacement engine for the V10154 engine, and further sums for a replacement of the V10155 engine, and interest thereon. Because IHI has sufficiently pled each element of its second counterclaim for breach of contract, ACG's 12(b)(6) motion to dismiss should be denied.

Because IHI has sufficiently pled every element of its second counterclaim for breach of contract, ACG's 12(b)(6) motion to dismiss this claim should be denied.

### 2. IHI's Pleading of Its Own Performance Under the Settlement Agreement Is Sufficient To Plead a Breach of Contract Claim

ACG argues that IHI has failed to sufficiently plead its own performance under the Settlement Agreement.[4]  Despite ACG's insistence that IHI should have to plead an inordinate number of facts to state a claim for breach of contract, "there is no requirement in the Federal Rules of Civil Procedure that the details of a breach of contract claim be pleaded with particularity." *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 04 Civ. 2867 (BSJ), 2006 U.S. Dist. LEXIS 16402, at *18-19 (S.D.N.Y. Mar. 31, 2006) quoting *Weiss v. La Suisse*, 69 F. Supp.2d 449, 462 (S.D.N.Y. 1999).  "[U]nder the relaxed federal pleading requirements, each element need not [even] be separately plead.  It is enough that the complaint contains a short and plain statement of the claim sufficient to put the defendant on notice of the grounds for which plaintiff seeks relief. *Reuben H. Donnelley Corp.,* 893 F. Supp. 290-291 (internal quotations omitted).  In fact, this Court has held that although "[d]ue performance by the plaintiff

---

[4] Nowhere in ACG's Complaint does it state that ACG performed all its obligations under the Settlement Agreement.  In fact, in ¶ 15, ACG specifically states that it has not paid IHI the $150,000 in liquidated damages that it owes pursuant to the Settlement Agreement.  If ACG's rationale for dismissing Counterclaim II were to stand, then by the same token, IHI's Complaint for declaratory judgment should be dismissed for failure to state a claim.

is an element of a claim for breach of contract under New York law[,] it is far from clear that a plaintiff is required to plead his or her own due performance in order to state a claim upon which relief may be granted." *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243 (S.D.N.Y 1997). "The philosophy of notice pleading that underlies the Federal Rules of Civil Procedure ... suggests that such a formalistic rule no longer has a place in federal practice." *Id.*

In light of the Federal Rules of Civil Procedure's pleading requirements, IHI's allegation that "[o]n information and belief, leased engines were available for lease by IHI at all relevant times, including at the time of induction of ACG's engines into IHI's facilities, and IHI was ready and willing to obtain such leased engines and to sublease such engines to ACG" is sufficient to state a claim for breach of contract. Answer at ¶ 51. As ACG's own factual arguments in its Motion indicate, ACG received from IHI's counterclaims more than full notice of the grounds upon which IHI is seeking relief. Therefore, ACG's motion to dismiss should be denied.

### 3. ACG's Theory that IHI Must First Offer to Lease an Engine to ACG Is Both Incorrect and Improper

#### a. ACG's Discussion of The Timing of Contractual Performance and Subsequent Performance Obligations is Improper in a Motion to Dismiss

As demonstrated above, IHI's allegation that it performed its obligations under the Settlement Agreement is sufficient to defeat a 12(b)(6) motion to dismiss. *See, e.g.*, *Reuben H. Donnelley Corp.*, 893 F. Supp. at 290-291. However, ACG continues to argue its legal theory that the Settlement Agreement required simultaneous performance of the parties such that ACG must "aver and prove performance, or a tender or waiver of performance or a fact excusing non-performance." Motion at 8. ACG is incorrect. First, ACG mistakenly took this standard from a case discussing, in the context of a **post-trial** motion, the sufficiency of proof of contractual performance.[5] *Rosenthal Paper Co. v. National Folding Box & Paper Co.*, 226 N.Y. 313, 322

---

[5] The other cases ACG cites at pages 7-8 of its Motion for this proposition discuss, in the context of a motion for summary judgment, the sufficiency of proof of contractual performance, and are therefore also inapplicable to a Rule 12(b)(6) motion filed prior to the filing of the answer.

(1919).  IHI has found no case requiring such detailed factual allegations regarding performance at the pleading stage.  ACG is unlikely to find such a case either, since the timing of contractual performance, and therefore the type of performance required, concern an issue of contract interpretation and goes to the merits of IHI's claim, hence is improper to address at the present stage.  *See Flash Elecs.*, 312 F. Supp. 2d at 406-407 ("However, all [] of these arguments concern the merits of Plaintiff's claim and are therefore not properly addressed on a motion to dismiss.").

**b.  ACG's Theory Regarding Contractual Performance is Incorrect as IHI Fully Performed Under the Settlement Agreement Well Before ACG Inducted Any Engines to IHI for Repair**

Since ACG insists on addressing the merits of IHI's performance under the Settlement Agreement, IHI will briefly explain why ACG's interpretation of the Settlement Agreement is incorrect.[6]  Section 3 of the Settlement Agreement provides: "In the event IHI has no leased engine available, ACG shall be released from its obligation to lease an engine from IHI in connection with the respective engine shop visit."  This language is a condition subsequent which releases only one party, ACG, from its duty to perform under the contract.  *See, e.g.*, 8-39 Corbin on Contracts § 39.1 ("In the Restatement (Second) of Contracts § 230, a fact is the equivalent of a condition "subsequent" if it is an event that terminates a duty."  If "A agrees to sell a book to B but the deal will be off if it rains tomorrow," the condition is subsequent.);

---

[6] ACG incorrectly argues that IHI was required to "offer to lease" an engine to ACG simultaneously with ACG's leasing of engine--there is no such language in the Settlement Agreement, and such a requirement cannot be reasonably inferred.  ACG then incorrectly cites a motion for summary judgment standard to argue that IHI was required to plead that it was ready and willing to "offer to lease" an engine to ACG.  Although ACG's argument contradicts binding legal precedent, particularly in the context of a 12(b)(6) motion to dismiss prior to the filing of an answer, IHI still met even ACG's heightened pleading standards by pleading, in ¶ 51 of its Answer, that "[o]n information and belief, leased engines were available for lease by IHI at all relevant times, including at the time of induction of ACG's engines into IHI's facilities, and IHI was ready and willing to obtain such leased engines and to sublease such engines to ACG."  IHI also alleges, in ¶ 53 of its answer, that ACG was aware of IHI's willingness to lease an engine to ACG, because ACG was aware that IHI leased an engine directly to LTE in order to mitigate the damages caused by ACG's failure to lease: "On information and belief, ACG was well aware that LTE was flying ACG's MSN0580 airplane using the V10080 engine in place of the V10154 engine and/or the V12580 replacement engine that IHI subleased to LTE."

*United States v. Hyde*, 520 U.S. 670, 678 (1997) ("[A] binding contractual duty may be extinguished by the non-occurrence of a condition subsequent.")

Thus ACG's attempt to characterize incorrectly IHI's engine availability as a condition precedent to its duty to lease is "contrary to New York law, which disfavors interpretations that render contract provisions meaningless or superfluous." *Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003). Because a condition precedent must occur to give rise to a duty to perform, the non-occurrence of IHI's engine availability as a condition precedent would mean that ACG never had a duty to lease, rendering the above highlighted language in which "ACG shall be released from its obligation to lease" superfluous. Consequently, IHI's interpretation of the highlighted language as a condition subsequent is the favored and correct construction under New York law. Because it is the duty of the counterclaim defendant, rather than counterclaim plaintiff, to allege the occurrence or non-occurrence of a condition subsequent, there is nothing lacking in IHI's pleading. *See, e.g.*, *Western Assurance Co. v. J.H. Mohlman Co.*, 83 F. 811, 815 (2d Cir. 1897) ("It is not necessary that [the plaintiff] should have averred the performance or nonperformance of conditions subsequent . . . The burden of proof has been held to rest upon the defendant.").

Lastly, although IHI firmly believes that it has adequately pleaded the element of its own performance in the amended counterclaims, if the Court has any doubt on that issue, IHI should be permitted the opportunity to file a further amended counterclaim in the form attached to the brief as Exhibit A, which adds an explicit allegation that IHI "performed all its obligations under the Settlement Agreement" (at ¶ 39).[7]

---

[7] *See, e.g.*, *Reuben H. Donnelley Corp.*, 893 F. Supp. at 290-291 (denying a motion to dismiss for failure to plead performance under a contract as long as plaintiff "amend[s] their answer to add an allegation that Mark I-A has performed all of its obligations under the Agreement that would entitle it to the relief sought herein."); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 223 F. Supp. 2d 474, 490 (S.D.N.Y. 2002), overruled on other grounds, *ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 106 (2d Cir. 2007) (holding that plaintiff "fulfilled all the elements of a claim for breach of contract" where it alleged that it "performed its obligations under that agreement, or is excused from performing because of Cootes's breach").

**C.    IHI Has Successfully Pled Its Third Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

**1.    IHI Has Sufficiently Pled Every Element of Its Third Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

"In order to state a claim for breach of the implied covenant of good faith and fair dealing, [IHI] must allege that [ACG] affirmatively sought to prevent [IHI]'s performance under or to withhold the benefits of the [Settlement A]greement[]." *General Elec. Co. v. Compagnie Euralair, S.A.*, 945 F. Supp. 527, 537 (S.D.N.Y. 1996). Specifically, "[a] party's actions may implicate the implied covenant of good faith when it acts so directly to impair the value of the contract for another party that it may be assumed that they are inconsistent with the intent of the parties." *Bank of China v. Chan*, 937 F.2d 780, 789 (2d Cir. 1991).

IHI has alleged that ACG sought to impair the value to IHI of their Settlement Agreement:

- "The Settlement Agreement thus makes clear that ACG was obligated to provide IHI with revenue in the form of both engine overhaul fees and leasing fees, in return for a discount on the invoice that derived from the GTA." Answer at ¶ 41.

- "ACG violated its duty and covenant to act in good faith and engage in fair dealing by deliberately failing to lease engines from IHI in connection with the induction of ACG's engines to IHI for repair and overhaul, as expressly required by the Settlement Agreement." Answer at ¶ 77.

- "On information and belief, ACG further violated its duty and covenant to act in good faith and engage in fair dealing by asking IHI in June of 2008 and thereafter to withhold the repaired V10154 engine from LTE in order to pressure LTE into prioritizing its accounts payable to ACG over those of other entities such as IHI." Answer at ¶ 78.

- "On information and belief, ACG was well aware that LTE was in financial trouble and was likely to default on its lease and other payments to ACG in connection with ACG's MSN0580 airplane. On information and belief, ACG was well aware of IHI's sublease of a replacement engine for the V10154 engine to LTE and that this enabled LTE to fly ACG's

MSN0580 airplane.  Moreover, on information and belief, ACG was well aware that asking IHI to withhold the repaired V10154 engine from LTE would extend the actual term of the sublease for the V12580 engine at a time ACG had strong concerns about LTE's ability to pay leasing fees."  Answer at ¶ 79.

Based on the above allegations, IHI has adequately pled its third counterclaim for breach of the implied covenant of good faith and fair dealing by providing ACG with notice that it impaired the value of the Settlement Agreement to IHI by depriving IHI of the lease fees to which it was entitled in the following ways:  (1) failing to lease a spare engine from IHI so that, with LTE in financial trouble, LTE would have to lease a spare engine directly from IHI rather than from IHI through ACG; (2) artificially extending the length of IHI's lease to LTE so that IHI rather than ACG would be saddled with the unpaid lease fees from LTE; and (3) shifting the burden of the unpaid lease fees from ACG (to whom the burden belonged under the Settlement Agreement) to IHI (who was entitled to lease fees under the settlement agreement) in order to put pressure on LTE to pay its debts to ACG.  *See In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d at 323-324 ("Rule 8(a) does not require plaintiffs to plead the legal theory, facts or elements underlying their claim. . . . To comply with Rule 8, plaintiffs need not provide anything more than sufficient notice to permit defendant to file an answer.").  ACG's denial of the above facts is of no consequence to its 12(b)(6) motion, except to the extent it demonstrates ACG's clear understanding of the grounds upon which IHI is seeking relief, as the court "accepting [IHI]'s factual allegations as true and drawing all inferences in its favor."  *Bridgeway Corp.* 132 F. Supp. 2d at 305.  As such, IHI asks that this Court deny ACG's motion to dismiss and allow IHI to continue with discovery and the production of evidence regarding ACG's breach of the implied covenant of good faith and fair dealing.

> **2.      IHI's Counterclaim for Breach of the Covenant of Good Faith and Fair Dealing Is Distinct From Its Breach of Contract Counterclaim**

ACG incorrectly argues that IHI may not plead both a counterclaim for breach of the covenant of good faith and fair dealing and a counterclaim for breach of contract.  "New York

courts have recognized a separate cause of action for breach of the covenant of good faith and fair dealing [] in cases involving efforts by one party to a contract to subvert the contract itself." *Butvin v. Doubleclick, Inc.*, No. 99 Civ. 4727 JFK, 2001 WL 228121 at *8 (S.D.N.Y. Mar. 7, 2001). This is precisely the case here. "The implied covenant of good faith and fair dealing requires each party to refrain from engaging in acts that so directly impair the value of the contract for the other party that it may be assumed that they are inconsistent with the intent of the parties". *Bank of China* 937 F.2d at, 789.

As alleged in IHI's counterclaims and conceded in ACG's motion, the Settlement Agreement was designed to provide IHI with revenue in the form of both lease income and overhaul and repair income. *See, e.g.*, Motion at 12. Yet ACG pressured IHI to delay its release of the V10154 engine to LTE so that ACG could collect more money from LTE, knowing that doing so would increase LTE's indebtedness to IHI for the replacement engine and the risk that LTE would never pay IHI the lease fees to which IHI was entitled. *See* June 28, 2008 e-mail from Dave Mesic of ACG to IHI[8] ("I am writing to restate my request to hold V1054 until I provide the authorization for shipment.") As a result, ACG's conduct caused IHI to lose revenue from leasing engines to ACG and to increase its credit risk exposure to LTE at a time when ACG knew LTE was a bad credit risk. *See* October 25, 2008 e-mail from Dave Mesic of ACG to IHI[9] ("Yes we are very aware of the financial condition of LTE. We are still waiting to see if other investors move in to save LTE. If we declare Default and reposes [sic] the Aircraft, we will most likely ferry the Aircraft with the ILFC Engine installed. This has gone on for too long. This condition will not last much longer. Did you get your spare back? **I love that holding onto V10154 had no effect as LTE has an IHI spare.** Something should happen in this next week.") (emphasis added). IHI's third counterclaim therefore alleges that ACG of manipulated events in

---

[8] Attached as Exhibit B to the accompanying Declaration of James E. Hough dated August 14, 2009 ("Hough Declaration).

[9] Attached as Exhibit C to the accompanying Hough Declaration.

a way that deprived IHI of its expected lease revenue under the Settlement Agreement, but in a manner that was not a breach of contract terms. As such, IHI's third counterclaim is not duplicative of its breach of contract claim and ACG's motion to dismiss should be denied. *See Grand Heritage Management, LLC v. Murphy*, No. 06 Civ. 5977 (NRB), 2007 WL 3355380 at *6 (S.D.N.Y. Nov. 7, 2007) (finding that the amended complaint sufficiently pleads a claim for breach of the implied covenant of good faith and fair dealing to survive a motion to dismiss, while also denying in part a motion to dismiss claims for breach of contract) (Buchwald, J.).

### 3. The Federal Rules Allow Even Duplicative Breach of Implied Covenant of Good Faith and Fair Dealing Claims to be Pled in the Alternative to Breach of Contract Claims

ACG spends much time making conclusory arguments that IHI's counterclaim for breach of the covenant of good faith and fair dealing should be dismissed because it is based on the same facts as IHI's breach of contract counterclaim.[10] ACG's chart comparing two selectively picked paragraphs from the two counterclaims, that ignores the numerous allegations unique to the breach of the covenant of good faith and fair dealing claim, specifically those in ¶¶ 78-79, is both misleading and unproductive.

In addition, under New York law, ACG's attempt to dismiss IHI's third counterclaim is premature because this Court has yet to decide the scope of the contract that is part of IHI's breach of contract claim. See, *E*Trade Financial Corp. v. Deutche Bank AG*, No. 05 Civ. 0902 2008 WL 2428225 (S.D.N.Y. June 13, 2008) (denying a summary judgment motion seeking dismissal of claims "because the meaning of the parties' contract has yet to be determined, it is too soon to address whether the plaintiffs' claim of breach of covenant of good faith and fair dealing is duplicative"); *RBS Holdings, Inc. v. Gordon & Ferguson, Inc.*, No. 06 Civ. 6404 (HB) 2008 WL 782616 at *6 (S.D.N.Y. Mar. 26, 2008) ("[a]t this stage in the proceedings and

---

[10] Once again, ACG relies on a case analyzing the co-existence of a breach of implied covenant of good faith and fair dealing claim and a breach of contract claim in the summary judgment context. Such a heightened standard is not applicable to the liberal pleading standard applied in a 12(b)(6) motion. *See, e.g.*, Motion at 10; *Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

drawing all reasonable inferences in favor of RBS, Defendant's motion to dismiss the breach of implied covenant claim must be denied").

Even if this Court determines that IHI's third counterclaim is duplicative of its second, courts have held that a party can simultaneously plead both a claim for breach of the covenant of good faith and fair dealing and for breach of contract, because "the Federal Rules explicitly permit a party to plead causes of action in the alternative, 'regardless of consistency.'" *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp.2d 258, 272 (S.D.N.Y. 2004); *cf. DiFolco v. MSNBC Cable L.L.C.*, No. 06 Civ. 4728 (LAP), 2007 WL 959085 at *4 (S.D.N.Y. Mar. 30, 2007) ("alternative pleading of contradictory claims is explicitly allowed under the Federal Rules of Civil Procedure [and] a party may be in breach of its implied duty of good faith and fair dealing even if it is not in breach of its express contractual obligations" (internal citations omitted)).

IHI respectfully requests that this Court deny ACG's motion and permit IHI to conduct discovery and obtain a fact-finder's determination regarding its claim for breach of the implied covenant of good faith and fair dealing.

### D.    IHI Has Successfully Pled Its Fourth Counterclaim for Unjust Enrichment

#### 1.    IHI Has Sufficiently Pled Every Element of Its Fourth Counterclaim for Unjust Enrichment

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that: (1) the defendant benefited; (2) the benefit was at the expense of the plaintiff; and (3) that equity and good conscience require restitution." *Mazzaro de Abreu v. Bank of Am. Corp.*, 525 F. Supp. 2d 381, 397 (S.D.N.Y. 2007) citing *Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).  IHI has sufficiently pled each of these elements:

- **ACG benefited**.  *See*, *e.g.*, Answer at ¶¶ 83-84 ("ACG has been enriched by virtue of the sublease, since it enabled LTE to operate and fly ACG's MSN0580 airplane and thereby generate revenue to pay ACG's leasing fees, when otherwise LTE could not, and ACG

did not pay any leasing fees to IHI.  ACG has also been enriched by asking IHI in June 2008 and thereafter to withhold the repaired V10154 engine from LTE in order to pressure LTE into prioritizing its accounts payable to ACG over those of other entities such as IHI.  On information and belief, ACG was thereby able to collect outstanding payments from LTE and managed to terminate its airplane lease before LTE became insolvent."  "ACG has also been enriched by IHI's storage of the V10154 engine.  ACG has refused to pay the storage and packing fees for the V10154 engine even though IHI complied with ACG's request to hold on to the engine after July 15, 2008.").

- **The benefit was at the expense of IHI**.  *See*, *e.g.*, Answer at ¶ 85 ("ACG's enrichment has been at the expense of IHI.  IHI leased the V12580 replacement engine from IAE and subleased it to LTE to mitigate damages caused by ACG's breach of the Settlement Agreement, only to see LTE fail to pay IHI at least US\$ 992,285 in fees for the sublease.  IHI also made the necessary arrangements and incurred costs for storing and packing the V10154 engine.").[11]

- **Equity and good conscience require restitution**.  *See*, *e.g.*, Answer at ¶ 86 ("It would be unjust to allow ACG to retain the benefits described above.  On information and belief, ACG was well aware of IHI's sublease of the V12580 replacement engine for ACG's V10154 engine to LTE, and that this enabled LTE to fly ACG's MSN0580 airplane.  On information and belief, ACG was also well aware that LTE was in financial trouble and was likely to default on its lease and other payments to ACG in connection with ACG's MSN0580 airplane.  Moreover, on information and belief, ACG was well aware that asking IHI to withhold the repaired V10154 engine from LTE would extend the actual term of the sublease for the V12580 replacement engine at a time ACG had strong concerns about LTE's ability to pay leasing fees.  On information and belief, ACG was also well aware that IHI had to store the V10154 engine

---

[11] For clarification purposes, IHI never alleged that ACG "became a guarantor of the \$992,285 in engine lease payments" as ACG argues in its Motion.  Motion at 13 and 15.  Rather, IHI alleges that ACG knowingly caused and exacerbated LTE's debt to IHI and enriched itself.

pursuant to ACG's request."  "The circumstances were such that equity and good conscience require ACG to make restitution.").

These allegations more than satisfy the pleading requirements of Rule 8.  *See, e.g.*, *Reuben H. Donnelley Corp.* 893 F. Supp. 290-291 ("[U]nder the relaxed federal pleading requirements, each element need not [even] be separately plead.  It is enough that the complaint contains a short and plain statement of the claim sufficient to put the defendant on notice of the grounds for which plaintiff seeks relief") (internal quotations omitted).  ACG incorrectly argues that, in addition to the elements listed above, "to state a valid claim, the plaintiff must also be able to show that performance was *rendered for the defendant*, resulting in its unjust enrichment."  Motion at 15 (emphasis in original).  This argument ignores the procedural posture of the case.   At the pleading stage, IHI is not required to "be able to show" anything – and certainly does not have "to show" an element that New York law does not even list as a requirement for alleging an unjust enrichment claim.  *See Capitol Records, Inc. v. City Hall Records, Inc.*, 07 Civ. 6488 (LTS) (KNF) 2008 U.S. Dist. LEXIS 55300, at *21-22 (S.D.N.Y. July 18, 2008) ("At the pleading stage, no obligation exists to prove anything, 'only to allege enough facts to state a claim to relief that is plausible on its face.'") quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Contrary to ACG's arguments, the function of a Rule 12(b)(6) motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Geisler*, 616 F.2d at 639.  Any further requirements for proving IHI's unjust enrichment claim "concern the merits of [IHI]'s claim and are therefore not properly addressed on a motion to dismiss." *Flash Elecs.*, 312 F. Supp. 2d at 406-407.  In any event, any fair reading of the counterclaim makes it clear that the described acts – storing the ACG engine,[12] withholding it from LTE – were in fact done at the

---

[12] Contrary to ACG's assertion at page 16 of its Motion, the GTA does not cover ACG's request for storing the repaired engine and withholding it from LTE.  The GTA does not address the lengthy storage and withholding of the repaired engine because it was not contemplated that IHI would be called upon to hold and withhold a repaired engine for any significant length of time.

request of ACG for its benefit and certainly not for IHI's.  Because IHI has sufficiently pled

every element of its fourth counterclaim for unjust enrichment, ACG's 12(b)(6) motion to

dismiss this claim should be denied.

> ### 2.    New York Law Permits IHI to Plead Its Fourth Counterclaim for Unjust Enrichment in the Alternative

ACG argues that IHI's counterclaim for unjust enrichment should be dismissed because

"the existence of a valid contract governing the subject matter generally precludes recovery in

quasi contract for events arising out of the same subject matter."  Motion at 14.  However, this

argument ignores the Federal Rules of Civil Procedure, which permit pleading claims for unjust

enrichment and breach of contract in the alternative.  *See, e.g., Bazak Int'l Corp. v. Tarrant*

*Apparel Group*, 347 F. Supp. 2d. 1, 4 (S.D.N.Y. 2004) ("[a] plaintiff may simultaneously allege

breach of contract and unjust enrichment in its complaint"); *MacPhee v. Verizon*

*Communications, Inc.*, No. 06 Civ. 7870 (BSJ) 2008 WL 162899 at *6 (S.D.N.Y. Jan. 15, 2008)

(referring to "the lenient provisions for alternative pleading in Federal Rule of Civil Procedure

8(e)(2)" and stating that "[c]ourts generally dismiss claims for quantum meruit on the pleadings

only when it is clear from the face of the complaint that there exists an express contract that

clearly controls").

Moreover, ACG's argument that there exists "a valid contract governing the subject

matter"[13] of IHI's unjust enrichment claim presupposes without legal argument or determination

that there exists a valid contract that governs the dispute at issue.  In the present case, the Court

has yet to decide whether the Settlement Agreement covers IHI's sublease of the replacement

engine to LTE.  Therefore, under the present circumstances, it would be premature and improper

---

[13] ACG does not explain and fails to demonstrate that IHI's unjust enrichment claim seeks recovery for "events arising out of the same subject matter."  In particular, ACG does not explain what exactly constitutes the "events arising out of the same subject matter" and does not compare the events relevant to the unjust enrichment claim with those that are relevant to the breach of contract claim.  Moreover, in defining the "subject matter" of the contract between IHI and ACG, ACG arbitrarily expands the subject matter of the agreements by introducing the vague phrase "handling of aircraft engines."  However, the agreements say nothing regarding asking IHI to store and hold on to a repaired ACG engine so as to put pressure on LTE Airways or to shift a bad credit risk from ACG onto IHI.  *See* October 28, 2008 email from ACG to IHI, *supra.*

to dismiss IHI's unjust enrichment counterclaim.  *See, e.g.*, *Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*, 594 N.Y.S.2d 144, 145-46 (App. Div. 1st Dep't 1993) ("where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, plaintiff may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies"); *Flash Elecs.*, 312 F. Supp. 2d at 406-407 ("However, all [] of these arguments concern the merits of [IHI]'s claim and are therefore not properly addressed on a motion to dismiss.").  IHI respectfully requests that this Court permit IHI to plead its unjust enrichment claim, in the alternative, as permitted by the Federal Rules.

**III.    CONCLUSION**

For the foregoing reasons, IHI respectfully requests that this Court (a) deny ACG's motion to dismiss in its entirety.

Dated: New York, New York
       August 14, 2009

By:    /s/    James E. Hough
       James E. Hough (JH-1066)
       MORRISON & FOERSTER LLP
       1290 Avenue of the Americas
       New York, New York 10104-0050
       (212) 468-8000

       Craig I. Celniker (CC-2352)
       Shogo Asaji (SA-8547)
       MORRISON & FOERSTER LLP
       Shin-Maru Building 29th Fl.
       1-5-1 Marunouchi, Chiyoda-ku
       Tokyo, Japan 100-6529
       (011-81-3) 3214-6522

       Attorneys for Defendant
       IHI Corporation